# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-289 GMS |
| | ) | |
| STATE OF DELAWARE | ) | |
| DEPARTMENT OF FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, STATE OF DELAWARE, DEPARTMENT OF FINANCE'S**
**OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

STEPHANI J. BALLARD, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant

DATED:  October 10, 2006

# **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ...........................................................................................................iii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................1

STATEMENT OF FACTS ........................................................................................................3

ARGUMENT .............................................................................................................................4

      STANDARD OF REVIEW .........................................................................................4

I.     THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S "COMPLAINT UNDER TITLE VII," AS SHE HAS NOT ALLEGED ANY "UNLAWFUL EMPLOYMENT PRACTICE" WHICH FALLS WITHIN TITLE VII'S PURVIEW OR THIS COURT'S JURISDICTION ...........................................................................................................................5

          a. This Court's jurisdiction over Title VII claims is specifically conferred by statute and encompasses only actions properly brought pursuant to that chapter .........................................................................5

          b. Plaintiff's complaint, alleging "age discrimination" does not state a justiciable claim under Title VII ..........................................................6

II.    EVEN IF PLAINTIFF'S COMPLAINT HAD BEEN FILED PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THIS COURT WOULD BE WITHOUT SUBJECT MATTER JURISDICTION, AS DEFENDANT, A STATE OF DELAWARE AGENCY, IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION ..................................................................................................7

CONCLUSION .......................................................................................................................10

i

# TABLE OF CITATIONS

**Case Name**                                                                          **Page**

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690 (3d Cir. 1996) ....................................9

Conley v. Gibson, 355 U.S. 41 (1957)..................................................................................5

Coxson v. Commonwealth of Pennsylvania, 935 F.Supp. 624 (W.D.Pa. 1996) .................4

Cruz v. Beto, 405 U.S. 319 (1972) ......................................................................................5

Edelman v. Jordan, 415 U.S. 651 (1974)..............................................................................8

Growth Horizons v. Delaware County, Pa., 983 F.2d 1277 (3d Cir. 1993)........................4

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997)...........................7

Kimel v. Florida Board of Regents, 528 U.S. 62 (2000) ..................................................7, 8

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) .................................................4

Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884 (3d Cir. 1977)..............4

Neeley v. Samis, 183 F. Supp. 2d 672 (D. Del. 2002)..........................................................8

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) ..............................8

Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.,
        998 F.2d 1192 (3d Cir. 1993)....................................................................................1

Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)...................................................8

Signore v. City of McKeesport, 680 F.Supp. 200 (W.D. Pa. 1988),
        *aff'd*, 877 F.2d 54 (3d Cir. 1989) ............................................................................5

## Statutes, Rules and Other Authorities

U.S. Constitution Eleventh Amendment..................................................................7, 8, 9

U.S. Constitution, Fourteenth Amendment.....................................................................7

28 U.S.C.A. §1331 ...................................................................................................5

29 U.S.C. §623 .......................................................................................................7

42 U.S.C. §2000e ff ...............................................................................................5

42 U.S.C. §2000e-2(a) ...........................................................................................6

42 U.S.C. §2000e-5 .............................................................................................1, 5

42 U.S.C. §2000e-5(f)(1) .......................................................................................7

42 U.S.C. §2000e-5(f)(3) .......................................................................................6

29 C.F.R. §1601.28 ................................................................................................7

Federal Rule of Civil Procedure 8(a) ....................................................................3

Federal Rule of Civil Procedure 12(b) ...............................................................1, 7

Federal Rule of Civil Procedure 12(b)(1) .....................................................1, 4, 6, 9

Federal Rule of Civil Procedure 12(b)(6) ..........................................................5, 6

Federal Rule of Civil Procedure 15(a) ..................................................................7

## NATURE AND STAGE OF THE PROCEEDINGS

On or about December 13, 2004, Plaintiff, Nina Shahin, dual-filed a charge of age discrimination with the Delaware Department of Labor (DDOL). This charge form, signed and verified by plaintiff, contained an outline of her allegations of age discrimination in hiring (failure to hire) against the State of Delaware Department of Finance, and specifically stated that the "applicable law(s)" were "Age Discrimination in Employment Act, as amended, and State of Delaware's Discrimination in Employment Act, as amended." (Attached as Exhibit "A")[1]. On October 31, 2005, DDOL issued its final determination and right to sue notice. The final determination of DDOL on the merits of plaintiff's claim of age discrimination was a "No-cause Determination and Dismissal." (Exhibit "B"). Subsequently, on February 16, 2006, the U.S. Equal Employment Opportunity Commission issued a notice adopting the findings of DDOL, closing its file and issuing a "right to sue" notice. (Exhibit "C").

On or about May 3, 2006, plaintiff filed the instant complaint against the sole defendant: "State of Delaware, Department of Finance," with this Court. Plaintiff's complaint was entitled "Complaint under Title VII of the Civil Rights Act of 1964," and stated that the action was brought pursuant to Title VII, and that this Court's jurisdiction was invoked "by virtue of 42 U.S.C. §2000e-5."[2] At paragraph 11 of the Title VII Complaint

---

1 Defendants' motion to dismiss is grounded in Rule 12(b)(1). Thus, the reference to official public records of DDOL/EEOC are matters of which this Court may take judicial notice, and does not transform this into a motion for summary judgment. *See* Rule 12(b); <u>Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiff has put the EEOC proceedings at issue in this purported "Title VII" complaint. In fact, plaintiff was required, at ¶12 of the Court's form to append a copy of the charges she filed with the EEOC, however she failed to do so.

2 It appears that plaintiff used the "Title VII Complaint" form which is provided on the District of Delaware Clerk's website. That website also contains a form entitled "General Discrimination Complaint" which plaintiff

1

form, the plaintiff is asked to identify the nature of the discriminatory conduct; specifically, whether the conduct was directed towards:

- A.    Plaintiff's race
- B.    Plaintiff's color
- C.    Plaintiff's sex
- D.    Plaintiff's religion [and/or]
- E.    Plaintiff's national origin.

Plaintiff Shahin checked none of the above boxes but, rather, typed in her own category below those listed, writing in and checking: "*D. [sic] Age Discrimination*." (Compl., D.I. 2, ¶11). Plaintiff offered no details anywhere in the complaint as to the nature of the alleged violations on the part of the State of Delaware, other than to state that she was not hired.

Defendant was not served until on or about August 25, 2006. The Court, by Order dated September 11, 2006, granted defendant an extension of time to respond to plaintiff's complaint, until October 10, 2006. On September 13, 2006, plaintiff filed an "Amended Complaint." (D.I. 11). This document did not actually change the original complaint, but rather added a list, titled "EXHIBIT A" of "pending cases," noting various jobs with the State of Delaware which plaintiff had allegedly applied for. As plaintiff herself noted in the accompanying "Motion to Amend", these additional incidents are at different stages in the EEOC/DDOL administrative process, "or have not even been filed as discrimination claims yet." (D.I. 11).

This is Defendant's Opening Brief in Support of its Motion to Dismiss Complaint, which is filed simultaneously herewith.

---

did not opt to use.

## **STATEMENT OF FACTS**

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the history of plaintiff's dealings with Defendant at length, except to note that she has applied for several jobs with Defendant and with other State agencies, and has not been hired.  Plaintiff pleads no specific facts in her complaint, or amended complaint, failing to meet even a notice pleading standard.  Fed. R. Civ. Pro. 8(a).  Even assuming the facts minimally alleged in plaintiff's complaint to be true, she fails to state a claim over which this Court has jurisdiction or a claim upon which relief can be granted.  The pertinent procedural facts which are necessary to the Court's determination of this motion have been set forth in detail at "Nature and Stage of the Proceedings," *supra*.

## **ARGUMENT**

## **STANDARD OF REVIEW.**

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute, and the burden of establishing jurisdiction rests squarely with the plaintiff. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Coxson v. Commonwealth of Pennsylvania, 935 F.Supp 624, 626 (W.D. Pa. 1996)(*citing* Growth Horizons v. Delaware County, Pa., 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction on the face of the complaint. *See* Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).[3] The plaintiff bears the burden of persuasion under Rule 12(b)(1). Coxson, *supra*, 935 F.Supp at 626.

Assuming a plaintiff passes the jurisdictional hurdle, the district court may also dismiss a complaint if, on its face, the plaintiff fails to state a claim upon which relief can be

---

[3] Mortensen distinguished a "facial" 12(b)(1) challenge from a "factual" 12(b)(1) challenge. In the latter, which cannot occur until the plaintiff's allegations have been controverted, the court may weigh the evidence and need not presume plaintiff's allegations to be true. For instance, in Mortensen, the plaintiff pled the Sherman Act (on its face a federal question) but the court held that a "factual" 12(b)(1) analysis was appropriate to determine whether the necessary nexus to interstate commerce existed, such that it would have jurisdiction. 549 F.2d at 891-92. The instant case must be dismissed for lack of subject matter jurisdiction on its face, as plaintiff cannot maintain a complaint alleging a Title VII violation for alleged discrimination against a classification not protected by Title VII.

granted.  F.R.C.P. 12(b)(6).  In considering a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972) (*per curiam*).  A *pro se* complaint may be dismissed for failure to state a claim if it appears "beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action.  Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

Under these standards, the plaintiff's Title VII complaint must be dismissed because, even assuming plaintiff's allegations as true, she has not invoked the subject matter of this Court and she has failed to state any claim upon which relief could be granted by this Court.

**I.**    **THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S "COMPLAINT UNDER TITLE VII," AS SHE HAS NOT ALLEGED ANY "UNLAWFUL EMPLOYMENT PRACTICE" WHICH FALLS WITHIN TITLE VII's PURVIEW OR THIS COURT'S JURISDICTION.**

**a. This Court's jurisdiction over Title VII claims is specifically conferred by statute and encompasses only actions properly brought pursuant to that chapter.**

28 U.S.C.A. §1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Plaintiff has filed a "Complaint Under Title VII" [42 U.S.C. §2000e ff.], and claims that the jurisdiction of this Court "exists by virtue of 42 U.S.C. §2000e-5."  (D.I. 2, ¶1).  It is plain, on the face of plaintiff's complaint that she has not invoked this Court's federal question jurisdiction pursuant to Title VII.

Title VII provides for remedies against employers who engage in "unlawful employment practices." By the terms of the Title VII Act, these "unlawful employment practices" are limited to adverse employment actions (including failure to hire) which are made on the basis of the plaintiff's "race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a). Title VII does not provide a remedy for adverse employment actions, if any, based upon the plaintiff's age. In other words, age discrimination is not subsumed within the protections of Title VII.[4]

### b. Plaintiff's complaint, alleging "age discrimination" does not state a justiciable claim under Title VII.

This Court, of course, has jurisdiction over actions properly brought and sounding under Title VII. *See* 42 U.S.C. §2000e-5(f)(3). However, in this case, plaintiff's complaint (and amended complaint) manifestly fails to invoke this Court's Title VII jurisdiction, as plaintiff complains solely of *age* discrimination—specifically, that she was not hired to fill certain jobs she applied for with Defendant, Department of Finance, due to her age. Accordingly, she does not invoke the protections of Title VII and her complaint must be dismissed for lack of subject matter jurisdiction or, in the alternative, failure to state a claim. F.R.C.P. 12(b)(1); 12(b)(6).

As a further basis for dismissal, even if plaintiff had alleged facts that constituted a Title VII violation (which she has not), her complaint would be dismissed for failure to obtain a right to sue letter on a Title VII claim prior to filing suit. Obtaining a "right to sue"

---

[4] "Age Discrimination" can constitute a federal violation under another law, the Age Discrimination in Employment Act (ADEA), however violation of this Act was not pled by plaintiff in her complaint. Furthermore, as discussed at Argument II, *infra*, even if plaintiff had framed her complaint under ADEA, the State defendant is immune from liability under this Act.

6

letter and otherwise following the EEOC administrative process, as codified in the Act, is a

mandatory prerequisite to the maintenance of a Title VII suit in District Court. 42 U.S.C.

§2000e-5(f)(1); 29 C.F.R. §1601.28. The "right to sue" letter attached by plaintiff to her

complaint in this case related back to her December 13, 2004 EEOC charge, which was filed

solely as to alleged violations under the ADEA and Delaware State law. (See Exhibits A-C).

## II. EVEN IF PLAINTIFF'S COMPLAINT HAD BEEN FILED PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THIS COURT WOULD BE WITHOUT SUBJECT MATTER JURISDICTION, AS DEFENDANT, A STATE OF DELAWARE AGENCY, IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

As discussed above, plaintiff's complaint was filed solely as a "Title VII" action.

However, even if this Court were to generously read plaintiff's complaint as attempting to

state a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623, the

Court would still be required to dismiss her complaint for lack of subject matter jurisdiction.

Similarly, if the Court were to allow plaintiff to amend her complaint to claim ADEA

violations, such amendment would be futile.[5] Plaintiff cannot maintain her suit against the

State of Delaware because the State is immune from suit under the ADEA.

The United States Supreme Court in Kimel v. Florida Board of Regents, 528 U.S. 62

(2000) unequivocally held that the inclusion of "states" as "employers" subject to the ADEA

was an unconstitutional enactment, which exceeded Congress' authority to abrogate the

---

[5] An exception to the general rule that leave to amend is freely given exists where, as here, the proposed amendments would be futile, or would have no effect on the fatality of plaintiff's claims under Rule 12(b). In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Amendment "futility" is met where the complaint, even if amended, would fail to state a claim upon which relief could be granted. Id. Plaintiff has already amended once as a matter of right. F.R.C.P. 15(a).

States' Eleventh Amendment immunity under the Fourteenth Amendment. 528 U.S. at 91. The Court held that "the ADEA is not a valid exercise of Congress' power under §5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid." Id. The Supreme Court in Kimel affirmed several lower courts' dismissals of ADEA suits against the State of Florida.

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its own citizens, the Supreme Court has held that, in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 65 (1996). "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals." Kimel, supra, 528 U.S. at 80. "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." Neeley v. Samis, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984)). The Eleventh Amendment is a "jurisdictional bar which

deprives federal courts of subject matter jurisdiction." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 694 (3d Cir. 1996).

No valid congressional abrogation or consent exists here, even if plaintiff had brought her suit under the ADEA. Accordingly, the State of Delaware and its agencies, including the Department of Finance, are immune from suit under the Eleventh Amendment and the doctrine of Sovereign Immunity. For this reason also, plaintiff's suit must be dismissed. F.R.C.P. 12(b)(1).[6]

---

[6] While the above jurisdictional defects are, of course, fatal to plaintiff's ability to maintain her claims, defendant will note the following additional defects in plaintiff's complaint, simply for completeness of the record. The allegations of age discrimination in plaintiff's complaint and amended complaint fail to meet even a bare notice-pleading standard. In addition, by plaintiff's own admission, the allegations of failure to hire listed in plaintiff's "amended" complaint are not ripe as they are still in the administrative stages, and several of the "failures to hire" were by State agencies other than the named Defendant, Department of Finance. However, as noted above, all State agencies would be absolutely immune from suit for age discrimination under ADEA.

9

## <u>CONCLUSION</u>

Clearly, even accepting the allegations of plaintiff's complaint as true, she has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim against Defendant upon which relief could be granted.  For the foregoing reasons, Defendant, State of Delaware, Department of Finance, respectfully requests that this Honorable Court grant its Motion to Dismiss plaintiff's complaint with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Stephani J. Ballard
STEPHANI J. BALLARD  (I.D. No. 3481)
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant

DATED:  October 10, 2006

10

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on **October 10, 2006**, she caused the attached

***Defendant, State of Delaware, Department of Finance's Opening Brief in Support of***

***Motion to Dismiss Complaint*** to be delivered to the following person in the form and

manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MANNER OF DELIVERY:**

**_____**    One true copy by facsimile transmission to each recipient.

**  X  **    Two true copies by first class mail, postage prepaid, to each recipient.

**_____**    Two true copies by Federal Express.

**_____**    Two true copies by hand delivery to each recipient.

   /s/ Stephani J. Ballard_____
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for Defendant

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**

☐ FEPA  *04/20884*
☐ EEOC  *170A 500129*

**Delaware Department of Labor** and **EEOC** (if applicable)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Ms. Nina Shahin | (302) 678-1805 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 103 Shinnecock Rd. | Dover, DE 19904 | Kent |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one, list below.*)

| NAME | NO. OF EMPLOYEES OR MEMBERS 30+ | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| State of DE/Dept. of Finance/Division of Revenue | | (302) 577-8663 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 820 N. French Street Wilmington, DE 19899-8763 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ AGE

☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST  07/2/2004
LATEST  11/30/2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party has applied for various position with the State of Delaware Dept. Of Finance but has not been hired.

Charging Party's protected class: Age (D.O.B. 12/18/1949)

Adverse employment action: Hiring

Brief statement of allegations: Charging Party has applied fro various positions with the State of Delaware Dept. of Finance but has not been hired. The last position which Charging Party applied for and was not hired was a Tax Examiner. Charging Party was #2 on the register and received a rating of 100.00 on her employment application.

Respondent's explanation: Charging Party received a letter from Respondent on dated November 3, 2004 informing her that another candidate whose skills are better suited for the position was selected.

Applicable law(s): Age Discrimination in Employment Act, as amended, and state of Delaware's Discrimination in Employment Act, as amended.

Comparator(s) or other specific reason(s) for alleging discrimination: None

Additional information and verification of these facts are provided by the attached Affidavit.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

12/13/2004

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

DDOL FORM B-05
REV 11/04

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# VERIFICATION
Pursuant to Title 19 Del. C. § 712(c)(1)

State of Delaware )
)    ss: ~~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~~
___Kent___ County )


I, ___Nina Shahin___ , swear or affirm that I have read the Charge of Discrimination and that it is true to the best of my knowledge, information and belief.

' I further agree to advise the agencies involved if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

In addition to the facts set forth in the Charge of Discrimination, I hereby aver the following: (optional; do not include witness information)




_____
Charging Party's Verification Signature

**SWORN TO AND SUBSCRIBED** before me this 13rd day of December, 2004.


_____
Notary Public/Attorney at Law

# EXHIBIT B

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION UNIT**

04120884

Ms. Nina Shahin
130 Shinnecock Road
Dover, DE 19904
vs.
Department of Justice
Jos. Patrick Hurley, Jr., Deputy Attorney General
State Office Building, 8th Floor
820 French Street
Wilmington, DE 19801

**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts: In this Discrimination case Charging Party must show that she was treated differently based on age. More so, Charging Party must provide evidence that her unfavorable treatment resulted in her not being hired as an employee by the Respondent. The evidence and information provided indicates that Respondent's decision not to hire Charging Party was not based upon her age but was centered on the Respondent's choice to select another candidate whose skills they felt best fit the needs of the position. Charging Party did fail to substantiate through evidence that based on race she was treated less favorably than any similarly situated candidate. In conclusion, no evidence was obtained to corroborate Charging Party's allegations based on age; therefore based on the preponderance of the evidence Charging Party was unable to meet her burden of proof. The Respondent therefore prevailed in this investigation.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit.

10/31/05
Date issued

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*
DOL Form C-12NC : 8/04

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)     A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)     The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)     The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1.     If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.     If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.     Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

# EXHIBIT C

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2005-00137 | Charles Brown, III, State & Local Coordinator | (215) 440-2842 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*

**February 16, 2006**

Enclosure(s)

**Marie M. Tomasso,**
**District Director**

*(Date Mailed)*

cc: **STATE OF DE/DEPT. OF FINANCE**
**820 N. French Street**
**Wilmington, DE 19899**