## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C. A. No. 06-289 GMS |
| | ) |
| STATE OF DELAWARE | ) |
| DEPARTMENT OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT**

State Defendant, by and through counsel, hereby moves this Honorable Court to deny Plaintiff's "Second Motion" to Amend her Complaint in this matter, for the reasons set forth herein:

Plaintiff's original Complaint, asserting Title VII violations, was filed with this Court on or about May 3, 2006. (D.I. 2). Service was not effected on defendant until August 25, 2006. (D.I. 8-9). On September 13, 2006, plaintiff filed what purported to be a [first] Motion to Amend the Complaint, which added a list of "pending cases," consisting of various jobs with the State of Delaware, which plaintiff had allegedly applied for and been denied. (D.I. 11). Plaintiff herself noted in this submission that the incidents in question had not completed the EEOC/DDOL administrative process. As defendant had not yet filed a responsive pleading to the original complaint, the Court allowed plaintiff's amendment as a matter of course pursuant to F.R.C.P. 15(a). (D.I. 11).

On October 10, 2006, State Defendant filed a Motion to Dismiss the Complaint, and Opening

Brief, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6). (D.I. 12-13). Defendant's Motion is based upon this Court's lack of jurisdiction over, and plaintiff's failure to state a claim for, her purported Title VII claims of "age discrimination" by the State of Delaware. Id.

On or about October 11, 2006, Plaintiff filed a "Second Motion to Amend the Original Claim and to Enlarge the Scope of the Lawsuit to Include Other Incidents of Discrimination." (D.I. 14). As with the first amendment, plaintiff's submission does not comply with Local Rule 15.1, as it simply appends a list of "2 additional incidents," which purport to be two positions—"Accountant IV" and "Accountant V"—which for plaintiff has applied and not been hired.[1] As to each of these, plaintiff states the "Current Status" as "have not applied to DE Dept. of Labor." (D.I. 14).

Having amended once already, as a matter of course, plaintiff must now obtain leave of Court for this proposed, and any subsequent, amendment. F.R.C.P. 15(a). The Court should deny plaintiff's motion to amend, as her proposed amendment is futile.

The grant or denial of a motion for leave to amend a complaint is a matter within the discretion of the trial court. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Defendants is cognizant that leave to amend is "freely given [by the Court] when justice so requires." Rule 15(a). However, an exception to this general rule exists where, as here, the proposed amendments are futile, or would have no effect on the fatality of Plaintiff's claims under Rule 12(b). In re Burlington, *supra*; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

Amendment "futility" is met where the complaint, *even if amended*, would fail to state a claim upon which relief could be granted. In re: Burlington, 114 F.3d at 1434. In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule

---

[1] Local Rule 15.1 requires the party seeking amendment to "indicate in what respect it differs from the pleading which it amends . . . [and] must . . . reproduce the entire pleading as amended, and may not incorporate any prior

12(b)(6). The "futility" test is met here, for the reasons set forth below, and in Defendant's Opening Brief in support of its motion to dismiss. Plaintiff's purported amendments are futile, in that they do not "breathe life" into a complaint which otherwise entirely fails to invoke this Court's jurisdiction and fails to state a claim upon which relief can be granted. *See* Lorenz, 1 F.3d at 1414. A motion to amend should be denied "if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim under the applicable law." Snyder v. Baumecker, 708 F.Supp. 1451, 1457 (D.N.J. 1989)(internal citation omitted).

### 1. Addition of the new "incidents" as grounds for liability is futile.

As noted above, Plaintiff proposes to add two new "incidents of discrimination" against the State Defendant, in addition to those listed in her first amended complaint. These new incidents, like the ones previously pled, are claims of age discrimination in hiring allegedly committed by the State of Delaware.

As discussed at length in the Opening Brief in Support of Defendant's Motion to Dismiss, plaintiff's complaint, filed as a Title VII grievance, fails to invoke this Court's jurisdiction under that Act, as Title VII does not address, nor provide remedies for, adverse employment actions based on "age" discrimination. 42 U.S.C. §2000e-2(a). In addition, even if plaintiff's incidents were subsumed within Title VII (which they are not), they would fail for the additional reason of being unripe for judicial determination, as they have not yet been filed and investigated as charges within the EEOC administrative scheme.

As with the original and first amended complaints, plaintiff's purported second amendment is also futile as, even if this Court were to construe plaintiff's complaint as attempting to state a claim

---

pleading by reference." Both of plaintiff's amended complaints failed to comply with these provisions.

under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623, the Court would still be required to dismiss the action. Plaintiff cannot maintain a lawsuit against the State of Delaware because the State is immune from suit under the ADEA. United States Constitution, Eleventh Amendment; Kimel v. Florida Board of Regents, 528 U.S. 62 (2000).

Plaintiff's complaint is not saved or improved by her proposed amendments. The bottom line is that plaintiff seeks redress from the federal courts under an Act which does not provide a remedy for plaintiff's alleged cause of action—age discrimination. Nor, even under the federal law which does address age discrimination (ADEA), may plaintiff obtain relief from the State of Delaware, as states are immune from liability under the act pursuant to the Eleventh Amendment and the doctrine of sovereign immunity. None of the additional grievances alleged in the "second motion to amend" state matters over which this Court has jurisdiction and/or state a claim upon which this Court could grant relief. Accordingly, plaintiff's motion to amend should be denied and her complaint should be dismissed in its entirety.

**WHEREFORE**, for the foregoing reasons, State Defendants respectfully request this Honorable Court **DENY** Plaintiff's "Second Motion to Amend the Original Claim." In the alternative, if the Court grants plaintiff leave to file her second amended complaint, Defendant hereby reasserts, in full, its Motion to Dismiss and the arguments supporting that motion articulated in Defendant's Opening Brief in support of its Motion to Dismiss (D.I. 12-13), in response to the second amended complaint.

                                                **DEPARTMENT OF JUSTICE**
                                                **STATE OF DELAWARE**

                                                /s/Stephani J. Ballard
                                                Stephani J. Ballard (I.D. No. 3481)
                                                Deputy Attorney General
                                                Carvel State Office Building
                                                820 North French Street
                                                Wilmington, DE 19801
                                                (302) 577-8400
                                                Attorney for State Defendants

DATED: October 19, 2006

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on **October 19, 2006**, she caused the attached *State Defendant's Response in Opposition to Plaintiff's Second Motion to Amend Complaint* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MANNER OF DELIVERY:**

\_\_\_\_\_   One true copy by facsimile transmission to each recipient.

__X__   Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_\_   Two true copies by Federal Express.

\_\_\_\_\_   Two true copies by hand delivery to each recipient.

/s/Stephani J. Ballard
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for State Defendants