**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-289 GMS |
| | ) | |
| STATE OF DELAWARE | ) | |
| DEPARTMENT OF FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, STATE OF DELAWARE, DEPARTMENT OF FINANCE'S
<u>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT</u>**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

STEPHANI J. BALLARD, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant

DATED: July 2, 2007

## TABLE OF CONTENTS

                                                                  Page

TABLE OF CITATIONS ............................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

ARGUMENT ....................................................................................................................2

    I.      PLAINTIFF CONCEDES THAT THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT AS FILED UNDER "TITLE VII." PLAINTIFF FURTHER CONCEDES APPLICABILITY OF *KIMEL V. FLORIDA BOARD OF REGENTS,* WHICH PROVIDES THAT THE STATE IS IMMUNE FROM SUIT UNDER THE ADEA PURSUANT TO THE ELEVENTH AMENDMENT........................................................................................................2

    II.     THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT (DDEA) DOES NOT AND CANNOT CONFER ORIGINAL JURISDICTION OVER STATE LAW AGE DISCRIMINATION CLAIMS ON THE FEDERAL COURT, AND DOES NOT CONSTITUTE A WAIVER OF THE STATE'S ELEVENTH AMENDMENT IMMUNITY UNDER ADEA ............................................................................3

         a.    The choice of remedies provision of DDEA does not and cannot confer jurisdiction in the District Court over state law claims ...........................4

         b.    The choice of remedies provision of DDEA does not constitute a waiver of the State of Delaware's sovereign immunity from ADEA claims ..........7

         c.    Plaintiff's unrelated proceedings in the Delaware Courts, in cases not involving Defendant, have no bearing on the jurisdictional questions presented here, and her dissatisfaction with the Delaware Courts does not permit her to confer jurisdiction upon this Court ...................................8

    III.    THERE IS NO "WAIVER" OF DELAWARE'S ELEVENTH AMENDMENT IMMUNITY FOR CLAIMS UNDER ADEA THROUGH THE STATE'S ACCEPTANCE OF "FEDERAL FUNDS" OR OTHERWISE ............................9

CONCLUSION................................................................................................................12

## TABLE OF CITATIONS

**Cases:** Page

Atascandero State Hospital v. Scanlon, 473 U.S. 234 (1985) ....................10, 11

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690 (3d Cir. 1996) ....................2

Blozis v. Mellon Trust of Delaware Nat'l Assn., 2007 WL 1607573 (D.Del. 2007)......6, 7

Board of Trustees of Univ. of Alabama v. Garrett, 532 U.S. 356 (2001)............6

Claycomb v. Playtex Products, Inc., 2007 WL 331128 (Del. 2007) ..................6

College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd.,
    527 U.S. 666 (1999) ...........................................................8

Davis v. Ensign-Bickford Co., 139 F.2d. 624 (8th Cir. 1944)......................5

Duchek v. Jacobi, 646 F.2d 415 (9th Cir. 1981)...................................5

Edelman v Jordan, 415 U.S. 651 (1974)............................................3

Ex Parte McNeil, 80 U.S. 236 (1871)..............................................5

Ex Parte Schollenberger, 96 U.S. 369 (1877)......................................5

Home Ins. Co. of New York v. Morse, 87 U.S. 445 (1874) ..........................5

In Re Borough of Fort Lee, 230 F.2d 200 (3rd Cir. 1956)..........................5

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ..........1

Kimel v. Florida Board of Regents, 528 U.S. 62 (2000) ....................*passim*

Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002)...........................9, 10

Lane v. Pena, 518 U.S. 187 (1996)...............................................10

Mease v. Wilmington Trust Co., 2007 WL 901550 (D.Del. 2007) ..................6, 7

Mechanical Appliance Co. v. Castleman, 215 U.S. 437 (1910) ......................5

Neeley v. Samis, 183 F.Supp.2d 672 (D.Del. 2002).................................2

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) ..............8

Rambo v. U.S., 145 F.2d 670 (5th Cir. 1944)..........................................................................5

Riggs v. Johnson County, 73 U.S. 166 (1867).......................................................................5

Schlifke v. Trans World Entm't Corp., 479 F.Supp.2d 445 (D.Del. 2007) ..........................6

Stephenson v. Grand Trunk Western R. Co., 110 F.2d 401 (7th Cir. 1940)........................5

Wayman v. Southard, 23 U.S. 1 (1825).................................................................................5

Witcher v. Sodexho, 478 F.Supp.2d 663 (D.Del. 2007).......................................................6

**Statutes:**

Eleventh Amendment to the United States Constitution ............................................ *passim*

28 U.S.C. §1331.....................................................................................................................5

28 U.S.C. §1332.....................................................................................................................5

28 U.S.C. §1441(a) ................................................................................................................9

29 U.S.C. §623.......................................................................................................................2

29 U.S.C. §701.....................................................................................................................10

29 U.S.C. §704.....................................................................................................................10

42 U.S.C. §2000d-7(a)(1) ...................................................................................................10

42 U.S.C. §2000e *ff*...............................................................................................................2

42 U.S.C. §2000e-2(a) ..................................................................................................2, 3, 4

19 Del.C. §710(6) ..................................................................................................................6

19 Del.C. §710 *ff*...................................................................................................................3

19 Del.C. §711 .......................................................................................................................3

19 Del.C. §714(a)...................................................................................................................4

19 Del.C. §714(c).......................................................................................................... *passim*

19 Del.C. §715 .......................................................................................................................4

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant, State of Delaware Department of Finance's, Motion to Dismiss and Opening Brief in support was filed on October 10, 2006. (D.I. 12-13). Plaintiff did not file a timely response, although the day after Defendant's Motion was filed she filed a "Second Motion to Amend the Original Claim and to Enlarge the Scope of the Lawsuit to Include Other Incidents of Discrimination." (D.I. 14). This "Motion" sought solely to add other instances where Plaintiff had allegedly applied for jobs with the State of Delaware and was not hired. Defendant filed a response in opposition to Plaintiff's "Second Motion to Amend" on the grounds of amendment futility, as Plaintiff's new claims were subject to the same impediments to jurisdiction that barred her original claims. (D.I. 15). *See* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

No further action took place in the case until the Court, on June 7, 2007, issued an Order that Plaintiff answer the Defendant's Motion to Dismiss within 10 days. (D.I. 16). Plaintiff's Answering Brief, dated June 18, 2007, was docketed with the Court on June 22, 2007 (D.I. 26). This is Defendant's Reply Brief in Support of its Motion to Dismiss the Complaint.

**ARGUMENT**

I. **PLAINTIFF CONCEDES THAT THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT AS FILED UNDER "TITLE VII." PLAINTIFF FURTHER CONCEDES APPLICABILITY OF *KIMEL V. FLORIDA BOARD OF REGENTS*, WHICH PROVIDES THAT THE STATE IS IMMUNE FROM SUIT UNDER THE ADEA PURSUANT TO THE ELEVENTH AMENDMENT.**

Defendant, State of Delaware, Department of Finance (State) moved for dismissal, *inter alia*, because Plaintiff's Complaint, claiming age discrimination, was filed under Title VII, an Act which does not provide a remedy for age discrimination. 42 U.S.C. §2000e *ff*; 42 U.S.C. §2000e-2(a). In her Answering Brief, Plaintiff concedes this fact. (Ans. Brf. at 1). Plaintiff claims that she invoked the wrong legal provision [Title VII] and that the "correct law" under which she intends to bring her claim is the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623. Id.

Plaintiff further concedes that, in Kimel v. Florida Board of Regents, 528 U.S. 62 (2000), the United States Supreme Court held that the provisions of the ADEA do not apply in cases where a "State" is the employer, as Congress' attempt to subject the states to liability under this Act constituted an impermissible abrogation of the States' sovereign immunity. Plaintiff expresses her unhappiness and disagreement with the ruling in Kimel (Ans. Brf. at 4, 9), but concedes—as she must—that it is the law of the land.

As discussed in the Opening Brief, it is well-settled that "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." Neeley v. Samis, 183 F. Supp. 2d 672, 678 (D. Del. 2002); *see also* Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996). Plaintiff appears to argue that the Eleventh Amendment is not

2

applicable where suit is brought "against the State by its own citizens," but this is incorrect. (Ans. Brf. at 10). The Eleventh Amendment is, in fact, a limitation on the jurisdiction of the federal courts, and its guarantee of State immunity against suit in federal court applies equally whether the suit is brought by citizens of the state in question or by citizens of a different state. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (holding that, in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").

Faced with the bar of Kimel to her federal age discrimination suit under the ADEA, Plaintiff next attempts to argue that the State of Delaware has "waived" its sovereign immunity, under several different theories. All of Plaintiff's "waiver" arguments are without merit, and are discussed at Arguments II and III below. Plaintiff also attempts to argue, incorrectly, that this Court may assume jurisdiction over a claim of age discrimination sounding solely in State law[1], under Delaware Discrimination in Employment Act (DDEA). 19 Del.C. §710 *ff*.

## II. THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT (DDEA) DOES NOT AND CANNOT CONFER ORIGINAL JURISDICTION OVER STATE LAW AGE DISCRIMINATION CLAIMS ON THE FEDERAL COURT, AND DOES NOT CONSTITUTE A WAIVER OF THE STATE'S ELEVENTH AMENDMENT IMMUNITY UNDER ADEA.

The State of Delaware provides a statutory mechanism for plaintiffs to bring actions for unlawful discrimination in employment under State law in state court. The Delaware Discrimination in Employment Act (DDEA) prohibits certain unlawful employment practices which are taken on the basis of an individual's "race, marital status, genetic information, color, age, religion, sex or national origin." 19 Del.C. §711. The DDEA is more inclusive than the federal Title VII law, which only prohibits discrimination on the basis of a plaintiff's "race,

---

[1] Of course, Plaintiff's Complaint and Amended Complaints did not actually plead violations of Delaware State law on their face, but for the purposes of addressing Plaintiff's jurisdictional arguments, Defendant will address her purported DDEA claims nonetheless.

3

color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a). The DDEA also subsumes "age" discrimination into the Act, whereas federal law separately codifies age discrimination violations and remedies under an independent act--the ADEA--as discussed above. "Genetic information" is a basis for relief under DDEA, but not under federal law.

The DDEA provides that, after exhausting administrative review with the State Department of Labor, a charging party "may file a civil action in [Delaware] Superior Court" seeking remedies available under DDEA. 19 Del.C. §714(a). The Act makes clear that Superior Court has exclusive jurisdiction over all actions brought pursuant to the DDEA. "Superior Court shall have jurisdiction over *all proceedings* brought by the charging party pursuant to §714 of this title." 19 Del.C. §715 (emphasis added).

Due to the existence (in most cases) of both state and federal laws which address and remedy the same type of discriminatory employment practices, the State DDEA includes a "choice of remedies" provision. This subsection provides: "[t]he charging party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this *election of remedies* from filing cases in both Superior Court and in a federal forum. . . ." 19 Del.C. §714(c) (emphasis added).

    a.    **The choice of remedies provision of DDEA does not and cannot confer jurisdiction in the District Court over state law claims.**

In her answering brief, Plaintiff appears to argue (1) that 19 Del.C. §714(c) permits her to file her state law discrimination claim in federal court, and/or (2) that the choice of remedy provision in 19 Del.C. §714(c) constitutes a waiver of the State's sovereign immunity for federal ADEA actions. Neither of these propositions has legal merit. Plaintiff misinterprets §714(c) as providing that she may decide whether to pursue her state law DDEA claim in state court or in

4

federal court. The effect of Plaintiff's erroneous interpretation would be that a statute passed by the Delaware Legislature would confer jurisdiction on federal courts, where such jurisdiction does not exist under federal law. This is, of course, an untenable proposition.

Even if it had wanted to, the Delaware General Assembly could not confer jurisdiction on a federal court. It is axiomatic that states do not have the authority to confer jurisdiction on federal courts. Ex Parte McNeil, 80 U.S. 236, 243 (1871). Federal law provides that the district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. By Plaintiff's own admission, as she recharacterizes her claims in the Answering Brief, her case does not involve a federal law.[2] Her claims, other issues aside, would sound solely under the DDEA.

The jurisdiction of federal courts is solely regulated by the laws of the United States. It is well-settled that state legislation cannot confer jurisdiction on federal courts. Home Ins. Co. of New York v. Morse, 87 U.S. 445, 453 (1874). The jurisdiction of the courts of the United States is derived from the Constitution and the laws of the United States alone, and cannot be enlarged, diminished, or affected by state laws. *See e.g.* Ex Parte Schollenberger, 96 U.S. 369, 377 (1877). See e.g. Wayman v. Southard, 23 U.S. 1, 3 (1825); Riggs v. Johnson County, 73 U.S. 166, 195 (1867); Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 443 (1910); In Re Borough of Fort Lee, 230 F.2d 200, 203 (3rd Cir. 1956); Rambo v. U.S., 145 F.2d 670, 671 (5th Cir. 1944); Stephenson v. Grand Trunk Western R. Co., 110 F.2d 401, 405 (7th Cir. 1940); Davis v. Ensign-Bickford Co., 139 F.2d. 624, 626 (8th Cir. 1944); Duchek v. Jacobi, 646 F.2d 415 (9th Cir. 1981).

Simply put, 19 Del.C. §714(c) is not a "jurisdictional" provision. Rather, §714(c), on its face, offers plaintiffs a "choice of remedies"--federal or state--in which to pursue their

---

[2] Additionally, there is no diversity of citizenship which might confer federal jurisdiction pursuant to 28 U.S.C. §1332.

employment discrimination claims. Where a choice of forums is available, this presupposes that each forum, individually, otherwise has jurisdiction over the underlying discrimination claim. For instance, in the case of race or gender discrimination, the federal court can assume jurisdiction pursuant to Title VII, and the Delaware State court can assume jurisdiction pursuant to the DDEA. However, in the case of age discrimination involving a State agency employer, the federal court does *not* have jurisdiction under ADEA due to the holding in Kimel, *supra*. The Delaware State court, however, *does* have jurisdiction under DDEA[3]. So, in the case of an age (or disability[4]) discrimination claim, where the Employer is the State, the plaintiff is jurisdictionally limited to the State forum. §714(c) does not and cannot offer plaintiffs a "choice" of a federal forum in which to pursue purely state law claims.

§714(c) was included in the DDEA to prevent plaintiffs from simultaneously pursuing federal remedies under Title VII (or other federal law) in federal court and state remedies under DDEA in state court for the same alleged acts of discrimination. The purpose of 19 Del.C. §714(c) is to make charging parties choose between pursuing state claims in state court or federal claims (where available) in federal court, but not both.

Finally, this Court has repeatedly recognized that 19 Del.C. §714(c) is a "choice of remedies" provision.[5] *See* Schlifke v. Trans World Entm't Corp., 479 F.Supp.2d 445 (D.Del. 2007); Witcher v. Sodexho, 478 F.Supp.2d 663, 667, n.5 (D.Del. 2007); Mease v. Wilmington Trust Co., 2007 WL 901550 (D.Del. 2007); Blozis v. Mellon Trust of Delaware Nat'l Assn.,

---

[3] Under DDEA, the definition of "Employer" "include[es] the State. . . ." 19 Del.C. §710(6). The Eleventh Amendment bar discussed in Kimel obviously does not apply to state court actions.

[4] *See* Board of Trustees of Univ. of Alabama v. Garrett, 532 U.S. 356 (2001) (holding that ADA did not validly abrogate states' sovereign immunity).

[5] Delaware's highest court has also recognized that 19 Del.C. §714(c) provides plaintiffs a choice of remedies, and not a choice of courts to pursue DDEA claims. *See* Claycomb v. Playtex Products, Inc., 2007 WL 331128 (Del. 2007).

6

2007 WL 1607573 (D.Del. 2007). This court has never construed §714(c) as permitting plaintiffs to choose whether to pursue DDEA claims in state court or federal court. In Mease, the plaintiff sued her former employer for age discrimination under both federal and state law.[6] Mease v. Wilmington Trust Co., 2007 WL 901550 at *1. This Court declined to exercise supplemental jurisdiction over the plaintiff's state age discrimination claim. Id. at *2. The Court held that given the mandate of 19 Del.C. §714(c), by filing the case in federal court, the plaintiff made an election of remedies, not simply an election of forum. Id.

In Schlifke, the plaintiff sued her former employer for sex discrimination under Title VII and the DDEA. 479 F.Supp.2d at 446. This Court held that 19 Del.C. §714 prohibited plaintiffs from pursuing both state claims and federal claims. Id at 450, n.8. Since the plaintiff elected to pursue her sex discrimination claim in federal court under Title VII, she was barred from simultaneously seeking state remedies. Id. Similarly, in Blozis v. Mellon Trust of Delaware Nat'l Assn., the plaintiff filed a sex discrimination claim against her former employer under both Title VII and the DDEA. This court held that since the plaintiff elected to prosecute her age discrimination and retaliation claims under federal law and in a federal forum, she was barred from seeking remedies provided by the DDEA. Blozis, 2007 WL 1607573 at *7, n.15.

      **b.**    **The choice of remedies provision of DDEA does not constitute a waiver of the State of Delaware's sovereign immunity from ADEA claims.**

The articulation is somewhat confusing, but it appears in the Answering Brief that Plaintiff may attempt to argue that the choice of remedies provision of the DDEA actually constitutes a waiver of the State's sovereign immunity—set forth in Kimel—as to claims brought under the federal ADEA. (Plaintiff writes: "With this provision. . . it is clear that the State of Delaware rescinded its sovereign immunity over the age discrimination lawsuits to

---

[6] Mease's ADEA claim was viable in federal court as her employer was a private company, and not a State, as here.

7

federal courts as an option to be made by a charging party."). Ans. Brf. at 7. To the extent she claims that §714(c) constitutes a waiver of immunity under the federal ADEA, plaintiff is clearly incorrect.

The United States Supreme Court has long held that while a State may voluntarily consent to suit against it in federal court. such consent must "be unequivocally expressed." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 (1984). Moreover, Pennhurst held that "a State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Id. And specifically apropos to the instant case and Plaintiff's arguments about the impact of the DDEA, the Supreme Court "consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." Id at fn. 9 (emphasis added). "A state does not consent to suit in federal court simply by consenting to suit in the courts of its own creation." College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd., 527 U.S. 666, 676 (1999). Clearly there is no explicit consent by the State of Delaware to ADEA suits, either on the face of the DDEA or in any other enactment. The State retains its sovereign immunity from such claims.

    **c.**     **Plaintiff's unrelated proceedings in the Delaware Courts, in cases not involving Defendant, have no bearing on the jurisdictional questions presented here, and her dissatisfaction with the Delaware Courts does not permit her to confer jurisdiction upon this Court.**

In her Answering Brief, Plaintiff spends much time discussing a lawsuit which she and her husband brought against Delaware Federal Credit Union (Del-One), beginning in the Delaware Justice of the Peace Court and appealed by plaintiffs up to the Delaware Supreme Court, followed by a petition for a writ of certiorari in the U.S. Supreme Court. (*See* Ans. Brf. at

8

4-6, 9-10; Exs. M-T). This case, apparently involving a dispute over a $35 fee, does not involve the named defendant here, State of Delaware, Department of Finance, and has no bearing on Plaintiff's alleged age discrimination claims—nor does Plaintiff allege any involvement by Defendant. However, Plaintiff argues that, because of her dissatisfaction with the outcome of the "Del-One" proceedings in the Delaware State courts, and perceived unfairness by state judicial officers, she could not get a fair hearing on her DDEA claim, had it been filed in state court, and that therefore this Court should "change . . .venue" and take jurisdiction over her state-law age discrimination claims. Id at p.10.

Again, Plaintiff's argument is without merit. Plaintiff certainly does not have the authority to confer jurisdiction on the federal courts simply because she "does not trust the Delaware judges and the Delaware courts." (Ans. Brf. p.6). Nor does Plaintiff have any right to request that her state law case (assuming one had been filed) be "removed" to federal court.[7] In addition to the lack of federal jurisdiction over DDEA claims, discussed extensively above, a Plaintiff has no standing to "remove" her own State Court action to District Court.

### III. THERE IS NO "WAIVER" OF DELAWARE'S ELEVENTH AMENDMENT IMMUNITY FOR CLAIMS UNDER ADEA THROUGH THE STATE'S ACCEPTANCE OF "FEDERAL FUNDS" OR OTHERWISE.

In her final "waiver" argument, Plaintiff claims that the State of Delaware's receipt of various types of "federal funds" results in a waiver of its sovereign immunity for federal ADEA claims. *See* Ans. Brf. at 7-8. In support of this claim, she cites the case of Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002). Koslow is entirely distinguishable from the instant

---

[7] *Compare* 28 U.S.C. §1441(a) provides "any civil action brought in a State court *of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants*, to the district court of the United States . . . ." (emphasis added). No such provision exists for "removal" by plaintiffs.

case and does not provide a basis for Plaintiff to argue that Delaware has waived its sovereign immunity under the ADEA.

In Koslow, the plaintiff brought claims against the Commonwealth of Pennsylvania Department of Corrections under, *inter alia*, the federal "Rehabilitation Act," 29 U.S.C. §701, *et. seq.* The District Court granted summary judgment on these claims on the basis of Eleventh Amendment immunity. The Third Circuit, on appeal, found that the Commonwealth had waived its sovereign immunity under the Rehabilitation Act by its acceptance of specific federal funding that explicitly constituted a waiver under the terms of that Act.

The Court first recognized the general principle that the "mere receipt of federal funds" by a State is "insufficient to constitute a waiver of sovereign immunity . . . ." 302 F.3d at 170 (citing Atascandero State Hospital v. Scanlon, 473 U.S. 234 (1985)). However, considering the Rehabilitation Act in Atascandero, the Supreme Court held that "if a statute 'manifest[s] a clear intent to condition participation in the programs funded under the [Rehabilitation] Act on a State's waiver of its constitutional immunity,' federal courts would have jurisdiction over claims against states accepting federal funds." Id (*citing* 473 U.S. at 247).

The Rehabilitation Act was amended in 1986 (in response to Atascandero) to include a series of provisions which provide that a State's acceptance of federal funds for a given program or agency specifically subjects that program or agency (notably, not the State as a whole) to the terms of the Rehabilitation Act, including an explicit waiver of Eleventh Amendment immunity. *See* Koslow, 302 F.3d at 170, (*citing* Lane v. Pena, 518 U.S. 187 (1996); 42 U.S.C. §2000d-7(a)(1); 29 U.S.C. §704). Thus, Koslow held, the amendment to the Rehabilitation Act specifically "put states on notice that by accepting federal funds under the Rehabilitation Act, they would waive their Eleventh Amendment immunity to Rehabilitation Act claims." 302 F.3d

10

170. This, said the Court, constitutes the kind of "unambiguous waiver" of immunity which is required to subject a State to suit in federal court. Id.

By contrast, Plaintiff cites to no language in the ADEA by which a State could make the same sort of "unambiguous waiver" of immunity found in the Rehabilitation Act as to ADEA claims—let alone that the Delaware Department of Finance has done so. Indeed, no such waiver provision exists. Rather, plaintiff seeks to advance the argument soundly rejected by the Supreme Court in Atascandero, that the mere receipt of *any* federal monies by a State will constitute a blanket waiver of sovereign immunity and a general agreement to suit in the federal courts. Of course, this is legally incorrect, and Plaintiff's "federal funds" waiver argument does not save her case from dismissal.

**CONCLUSION**

The Delaware Legislature does not have the authority to confer jurisdiction on federal courts. 19 Del.C. §714(c) was intended to give plaintiffs a choice of remedies for pursuing employment discrimination claims. It was never intended to give plaintiffs the option of pursuing state claims in federal court. Nor does Plaintiff cite any unambiguous waiver of the State's sovereign immunity from ADEA claims. For the foregoing reasons and the reasons articulated in Defendant's Opening Brief, Defendant, State of Delaware, Department of Finance, respectfully requests that this Honorable Court grant its Motion to Dismiss plaintiff's complaint with prejudice.

                **DEPARTMENT OF JUSTICE**
                **STATE OF DELAWARE**

                /s/ *Stephani J. Ballard*
                STEPHANI J. BALLARD (I.D. No. 3481)
                Deputy Attorney General
                Carvel State Office Building
                820 North French Street
                Wilmington, DE 19801
                (302) 577-8400
                Attorney for Defendant

DATED: July 2, 2007

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on **July 2, 2007**, she caused the attached *Defendant, State of Delaware, Department of Finance's Reply Brief in Support of Motion to Dismiss Complaint* to be delivered to the following person in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MANNER OF DELIVERY:**

\_\_\_\_\_   One true copy by facsimile transmission to each recipient.

__X__   Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_\_   Two true copies by Federal Express.

\_\_\_\_\_   Two true copies by hand delivery to each recipient.

 

   /s/ *Stephani J. Ballard*
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for Defendant