IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-289-GMS |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Nina Shahin ("Shahin), filed this lawsuit pursuant to 42 U.S.C. § 2000e-5

alleging employment discrimination. (D.I. 2.) She appears *pro se* and was granted permission to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Shahin alleges that the

defendant, the State of Delaware Department of Finance ("State"), discriminated against her on

the basis of her age when it failed to employ her. Pending before the court are several motions

including the State's motion to dismiss, and Shahin's second motion to amend the original claim

and to enlarge the scope of the lawsuit and motion for court order of waiver of costs. (D.I. 12,

14, 19.)

**II. BACKGROUND**

Shahin's complaint alleges age discrimination occurring on December 13, 2004. (D.I. 2.)

She received a right to sue letter from the Equal Employment Opportunity Commission on

February 20, 2006. Shahin filed an amended complaint and it included ten additional alleged

incidents of discrimination. (D.I. 11.) On October 10, 2006, Shahin filed a second motion to

amend to include additional incidents of alleged discrimination. (D.I. 14.) The State opposes the motion on the basis of futility. (D.I. 15.) Shahin has also filed a motion for court order of waiver of costs which is frivolous and it will be denied by the court. (D.I. 19.)

The State moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It argues that this court is without subject matter jurisdiction over Shahin's Title VII claim because her claim does not fall under Title VII's purview of race, color, religion, sex, or national origin discrimination. Rather, Shahin's claim rests upon age discrimination. Alternatively, the State argues that if the complaint is read to allege an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, Shahin cannot maintain said claim because the State is immune from suits filed pursuant to the ADEA. The State further notes that Shahin has only exhausted the December 13, 2004 age discrimination claim.

In responding to the State's motion, Shahin advises the court that she alleges age discrimination and she seeks relief under the ADEA. Shahin concedes that the State is immune from suit for claims filed under the ADEA, but she disagrees with the U.S. Supreme Court's ruling on the issue. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000). Shahin seeks redress in this court because of her previous litigation in the Delaware state courts and she "does not trust the Delaware judges and the Delaware courts." (D.I. 17 at 6.)

## III. ANALYSIS

### A. Standard of Review

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions

brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### 2. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does

-3-

not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, –F.3d–, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because Sharin proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### B. Exhaustion

Before instituting an action pursuant to ADEA, a plaintiff must timely file his or her claim with the EEOC and obtain a right to sue letter from the agency. 29 U.S.C. § 626(d). Indeed, proper administrative exhaustion is a pre-requisite to filing an ADEA claim in federal

court.  *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000)("[u]nder the ...

ADEA, plaintiffs residing in states having an agency authorized to grant relief for federally

prohibited employment discrimination must resort to that state remedy before they will be

allowed access to federal judicial relief."); *Money v. Provident Mutual Life Ins. Co.*, 189 Fed.

Appx. 114, 117 (3d Cir. 2006)("[a] party under the ADEA must exhaust his or her administrative

remedies").  Since these "conditions precedent are statutory, rather than jurisdictional,

prerequisites[,] . . . claims under [ADEA] can be dismissed for failure to exhaust such

administrative remedies."  *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 528 (D.N.J. 2000)

(citations omitted); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007) ("The ADEA's

timely exhaustion requirement is a non-jurisdictional prerequisite.").

The documents before the court, including Shahin's own pleadings, indicate that she has

exhausted only one claim; the age discrimination claim that allegedly occurred on December 13,

2004.  Accordingly, the court will strike the amended complaint (D.I. 11) as it contains

unexhausted claims.  The court will also deny Shahin's second motion to amend the complaint

(D.I. 14) on the basis of futility.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (Leave to amend

should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of the allowance of the amendment, futility of

amendment, etc." ); *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *See In re Burlington

Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (futility of amendment occurs when

the complaint, as amended, does not state a claim upon which relief can be granted.)  Shahin, of

course, has the option of filing new claims once she has exhausted her administrative remedies as

is required by statute.

### C. Eleventh Amendment Immunity

Shahin alleges employment discrimination on the basis of age. She seeks "such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees. (D.I. 2.) The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a). The ADEA includes in its definition of employer "a State or political subdivision of a State. 29 U.S.C. § 630(b)(2). The Supreme Court held in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) that in the ADEA, Congress did not validly abrogate the states' sovereign immunity to suits by private individuals. Accordingly, the State is immune from suit for damages under the Eleventh Amendment for Shahin's ADEA claim.

The court notes that, in addition to seeking damages, Shahin also seeks injunctive orders. Inasmuch as Shahin proceeds *pro se*, the court must construe her complaint liberally. To the extent that Shahin seeks prospective injunctive relief, the ADEA claim is not barred by the Eleventh Amendment. *See Ex Parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974); *Ford v. Pennsylvania*, No. 1:CV-06-2410, 2008 WL 112030, at *3 n3. (M.D. Pa. Jan. 9, 2008). Accordingly, the court will grant the motion to dismiss to the extent that Shahin seeks damages from the State and will deny the motion to dismiss to the extent that she seeks prospective injunctive relief.

### IV. CONCLUSION

Based upon the foregoing analysis, the court will grant in part and deny in part the State's

motion to dismiss. (D.I. 12.) The court will deny Shahin's second motion to amend the original

claim and to enlarge the scope of the lawsuit and motion for court order of waiver of costs. (D.I.

14, 19.) An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_March 27_, 2008

Wilmington, Delaware

FILED

MAR 27 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-7-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,                              )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 ) Civil Action No. 06-289-GMS
                                         )
STATE OF DELAWARE DEPARTMENT             )
OF FINANCE,                              )
                                         )
            Defendant.                   )

## ORDER

At Wilmington this 27th day of _____ March _____, 2008, for the reasons set forth in the Memorandum issued this date

1. The defendant's motion to dismiss the complaint is **DENIED** as to the December 13, 2004 age discrimination claim to the extent that the plaintiff seeks prospective injunctive relief and is **GRANTED** in all other respects.  (D.I. 12.)

2. The plaintiff's amended complaint is **STRICKEN**.  (D.I. 11.)

3. The plaintiff's second motion to amend the original claim and to enlarge the scope of the lawsuit is **DENIED**.  (D.I. 14.)

4. The plaintiff's motion for court order of waiver of costs is **DENIED** as frivolous. (D.I. 19.)

_____
CHIEF UNITED STATES DISTRICT JUDGE

FILED

MAR 2 7 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE