IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-289 GMS |
| ) | |
| STATE OF DELAWARE ) | |
| DEPARTMENT OF FINANCE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT, STATE OF DELAWARE'S MOTION FOR REARGUMENT OF THIS COURT'S PARTIAL DENIAL OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Pursuant to Local Rule 7.1.5, Defendant, State of Delaware Department of Finance, by and through its counsel, hereby moves this Honorable Court for Reargument of the Court's March 27, 2008 decision (D.I. 20) to the extent that decision denied Defendant's Motion to Dismiss (D.I. 12), as to claims for prospective injunctive relief. Defendant's Motion should be granted for the reasons set forth herein.

1.      Local Rule 7.1.5 provides that a party may move for reargument within 10 days of the Court's decision. This motion is the functional equivalent of a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). <u>Kavanagh v. Keiper Recaro Seating, Inc.</u>, 2003 WL 22939281 (D.Del. 2003). While motions for reargument or reconsideration are "sparingly granted" and "should not be used to re-hash arguments already briefed," they are appropriate where the court has made an error of apprehension or has made a decision outside the scope of the issues presented to the court by the parties. <u>Kavanagh</u> at *1. A motion for reargument, or reconsideration, is appropriate

1

where the moving party demonstrates the "need to correct a clear error of law" in the ruling under consideration. Dobrich v. Indian River School Dist., 432 F.Supp.2d 445, 448 (D.Del. 2006); Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

  2. On or about May 3, 2006, Plaintiff filed the instant complaint, alleging age discrimination in hiring, against one defendant: "State of Delaware, Department of Finance" ("State"). The State moved to dismiss, on the basis that it was immune from suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623. The basis for this immunity is the United States Supreme Court's holding in Kimel v. Florida Board of Regents, 528 U.S. 62 (2000) that the ADEA did not abrogate the State's Eleventh Amendment immunity, which is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction" over suits brought against States or State agencies. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996).

  3. This Court properly recognized the above principles and dismissed Plaintiff's ADEA claims in their entirety against Defendant, State of Delaware, with one exception. The Court denied the Motion to Dismiss "to the extent [Plaintiff] seeks prospective injunctive relief" against Defendant. In support of this partial denial, the Court cited, *inter alia*, Ex Parte Young, 209 U.S. 123 (1908) and Edelman v. Jordan, 415 U.S. 651, 663-64 (1974).

  4. It is well-settled that the Eleventh Amendment does not bar some claims for injunctive relief against *individual defendants* who function as state officials. Edelman, *supra* (defendants were individual Illinois State officials). However, the

Eleventh Amendment does bar all claims in federal court[1]—even claims for prospective injunctive relief—brought by a private party, where the named defendant is the *State itself*. In this case, the sole defendant is the State itself—"State of Delaware Department of Finance." Thus, the Motion to Dismiss on the basis of Eleventh Amendment immunity must be granted as to Plaintiff's claims for prospective injunctive relief against the State agency, in the same manner as it was granted as to Plaintiff's claims for damages.

5.  The Third Circuit, following U.S. Supreme Court precedent, has specifically held that "[a]bsent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant, *even a claim seeking injunctive relief*." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), *cert denied* 469 U.S. 886 (1984) (*citing* Alabama v. Pugh, 438 U.S. 781 (1978)) (emphasis added).[2]

---

1  A State may, of course, waive its Eleventh Amendment immunity, provided such waiver is unequivocal. However, no such waiver exists in the instant case.

2  The principle set forth in Laskaris have been consistently followed in District Court cases decided in this Circuit. *See* Johnson v. State of New Jersey, 869 F.Supp. 289, 296 (D.N.J. 1994) ("district courts cannot entertain claims for injunctive relief against the State of New Jersey"); Boone v. Pennsylvania Office of Vocational Rehabilitation, 373 F.Supp.2d 484, 491 (M.D. Pa. 2005) (Eleventh Amendment "bar applies regardless of whether the plaintiff seeks monetary damages or injunctive relief against a state"); Tripp v. Commonwealth of Pennsylvania, 2005 WL 3132317 (M.D. Pa. 2005) (prospective injunctive claims barred by Eleventh Amendment as to state and its agencies). *See also* Cameron v. Ohio, 2007 WL 3046659 (S.D. Oh. 2007) (dismissing Plaintiff's ADEA claims for injunctive relief against the State of Ohio, distinguishing Ex Parte Young as applying solely to claims against state officials). In the decision below, this Court cited to Ford v. Commonwealth of Pennsylvania, 2008 WL 112030 (M.D. Pa. 2008), which stated, without discussion, in a footnote, that plaintiff's ADEA claims for prospective injunctive relief could survive. Ford is distinguishable from the instant case as the named defendants included numerous state officials as well as the Commonwealth, as well as Title VII-based claims. To the extent the District Court in Ford held that the plaintiff's ADEA claims for injunctive relief could be maintained against the Commonwealth itself,

3

Laskaris recognized Ex Parte Young as standing for the principle that claims for injunctive relief are not barred against *individual state officers* for the consequences of their individual conduct, but was clear in holding that the "Eleventh Amendment's immunity bar extends to [all] suits against departments or agencies of the state having no existence apart from the state." 661 F.2d at 25-26. In the instant case, as the sole defendant is the "State of Delaware Department of Finance," there is no question that the Eleventh Amendment and the principle set forth in Laskaris would bar Plaintiff's claims for injunctive relief against the State, as a matter of law.

6.      Accordingly, all of Plaintiff's claims against the State agency are barred by the State's Eleventh Amendment immunity, and should have been dismissed upon the State's Motion to Dismiss. The State respectfully requests that this Court grant this motion for reconsideration, pursuant to Local Rule 7.1.5, to correct an error of law, and dismiss Plaintiff's sole remaining claim for prospective injunctive relief in this matter.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By:   /s/ *Stephani J. Ballard*
STEPHANI J. BALLARD (I.D. No. 3481)
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

DATED: April 8, 2008        Attorney for State Defendant

---

such a holding would plainly conflict with the Third Circuit's holding in Laskaris, and the well-settled precedent in this Circuit discussed herein.

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NINA SHAHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-289 GMS |
| ) | |
| STATE OF DELAWARE ) | |
| DEPARTMENT OF FINANCE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

AND NOW, this ____ day of _____, 2008, the Court having reviewed and considered Defendant, State of Delaware's, Motion for Reargument and any response filed thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. This Court's Memorandum and Order dated March 28, 2008 (D.I. 20) is hereby modified to provide that Defendant's Motion to Dismiss is **GRANTED** in its entirety and Plaintiff's Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
J.

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NINA SHAHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-289 GMS |
| ) | |
| STATE OF DELAWARE ) | |
| DEPARTMENT OF FINANCE, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on <u>April 8, 2008</u>, she caused the attached,

*Defendant, State of Delaware's Motion for Reargument of this Court's Partial Denial of Defendant's Motion to Dismiss Complaint* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MANNER OF DELIVERY:**

   X   Two true copies by first class mail, postage prepaid, to each recipient.

/s/ *Stephani J. Ballard*
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for State of Delaware,
Department of Finance