IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 06-289 GMS |
| | ) |
| STATE OF DELAWARE | ) |
| DEPARTMENT OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S "MOTION TO JOIN OTHER PARTIES AND
AMENDMENT OF PLEADINGS" (MOTION TO CONSOLIDATE)**

State Defendant, by and through counsel, hereby moves this Honorable Court to deny the above noted motion filed by Plaintiff, construed as a "Motion to Consolidate" a number of proceedings pending before this Court. The instant matter should not be consolidated with the other matters filed by Plaintiff for the reasons articulated below:

1. The instant case, *Shahin v. State of Delaware, Department of Finance*, *C.A. 06-289 GMS*, is the first of many civil actions filed by Plaintiff against various state agencies, complaining of age discrimination and other alleged violations. The Complaint was filed with this Court on or about May 3, 2006. (D.I. 2). Plaintiff amended her complaint once, as a matter of course, on or about September 13, 2006. (D.I. 11). On or about October 11, 2006, Plaintiff filed a "Second Motion to Amend the Original Claim and to Enlarge the Scope of the Lawsuit to Include Other Incidents of Discrimination." (D.I. 14). Defendant opposed the Motion (D.I. 15) on the grounds of amendment futility, as her new claims were subject to the same immunity

1

defenses as her existing claims. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). On March 27, 2008, the Court issued an order denying Plaintiff's Motion to Amend. (D.I. 20).

2. On October 10, 2006, State Defendant moved to dismiss the Complaint based upon lack of jurisdiction and failure to state a claim, given the State's Eleventh Amendment immunity from suit under the ADEA. Kimel v. Florida Board of Regents, 528 U.S. 62 (2000). (D.I. 12-13). Briefing was completed and, on March 27, 2008, this Court issued a Memorandum and Order dismissing Plaintiff's claims against Defendant, Department of Finance, with one exception. The Court denied the Motion to Dismiss "to the extent [Plaintiff] seeks prospective injunctive relief" against Defendant. (D.I. 20).

3. On April 8, 2008, Defendant filed a Motion for Reargument as to the remaining "injunctive relief" issue. (D.I. 21). Defendant's Motion is based upon Third Circuit and U.S. Supreme Court case law which holds that "[a]bsent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant, *even a claim seeking injunctive relief*." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), *cert denied* 469 U.S. 886 (1984). Thus, the remaining claim should also be dismissed. The Motion for Reargument is still pending before this Court.[1]

4. Motions to Consolidate are governed by F.R.C.P. 42(a), which provides that actions *may* be consolidated where there is a common question of law or fact. Indeed a commonality of issues is a prerequisite of consolidation in this Court. Tracinda Corp. v. Daimler Chrysler AG,

---

1 On April 9, 2008, Plaintiff attempted to file a Notice of Appeal in the Third Circuit, as to the Court's March 27, 2008 Memorandum and Order. This appeal is not properly before the Court of Appeals as the matter is interlocutory given the Court's current reservation of the injunctive relief issue and the timely Motion for Reargument filed on that same issue.

2001 WL 849736 at 1 (D. Del. 2001).  Further, the Court must consider factors such as cost, time, effort and—perhaps most importantly—prejudice to any party as a result of consolidation. Id.  Plaintiff has demonstrated no basis—nor even offered any argument—as to why her many cases, including this one--potentially on the threshold of total dismissal--would meet the criteria for consolidation under Rule 42(a).  Rather, a review of Plaintiffs' cases counsels strongly against consolidation.

     5.  As a preliminary matter, the instant case, *Shahin v. State of Delaware, Department of Finance*, C.A. 06-289, should not be consolidated with Plaintiff's other cases due to the completely different procedural posture of this case.  The instant case proceeded by Motion to Dismiss and has, in fact, been almost entirely dismissed, with only a limited claim remaining, which may be potentially dismissed on reargument.  By contrast, an answer has been filed in each of Plaintiff's other cases and they would potentially proceed to discovery or motions specific to each case.  In several cases, scheduling orders are already in place.

     6.  The instant case should also not be consolidated with Plaintiff's other cases as the other cases (all except No. 07-644) involve State Agencies other than Department of Finance—thereby implicating entirely different questions of fact.  Even Case No. 07-644, involves discrete instances where Plaintiff applied for different jobs with different hiring considerations within the Department of Finance—also raising unique questions of fact for each alleged violation.  Plaintiff claims she was discriminated against due to her failure to be selected for different jobs, at different times, by different decision makers in at least four different State agencies.  The single common fact in these cases is that Plaintiff has been an unsuccessful applicant for many jobs.  Each case (and each job even within an agency) involves different facts, and each State

defendant has different interests and defenses to Plaintiff's individual claims. The hiring decisions of the Department of Transportation, for example (the Defendant in C.A. No. 07-452), have no bearing on, nor any probative value toward the issues raised by Plaintiff against the Department of Finance in the instant case. In fact, consolidation of such a large number of fact and agency-specific allegations would invite jury confusion and the probability of undue prejudice due simply to the sheer number of complaints Plaintiff has filed. "Consolidation of issues for trial should be avoided if such would produce 'an unreasonably complicated trial that would prejudice the rights of the various defendants'. . . .The likelihood of confusion in the minds of the jurors 'outweighs the benefit of any possible convenience or economy to be obtained from consolidation.'" Richardson v. U.S. Airways Group, Inc., et al., 2001 WL 849701, at *2 (E.D. Pa. 2001) (citations omitted) (denying consolidation even where proof of same facts were necessary in each case). Plaintiff clearly fails to meet the criteria for consolidation of her many litigation matters with this case.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests this Honorable Court exercise its discretion to **DENY** Plaintiff's "Motion to Join Other Parties and Amendment of Pleadings" to the extent it seeks to consolidate the instant case, *Shahin v. State of Delaware, Department of Finance*, *C.A. 06-289,* with Plaintiff's other lawsuits.

        **DEPARTMENT OF JUSTICE**
        **STATE OF DELAWARE**

        /s/Stephani J. Ballard
        Stephani J. Ballard (I.D. No. 3481)
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
DATED: June 10, 2008        Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C. A. No. 06-289 GMS |
| | ) |
| STATE OF DELAWARE | ) |
| DEPARTMENT OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

AND NOW, this ____ day of _____, 2008, the Court having reviewed and considered Plaintiff's Motion to Join Other Parties and Amendment of Pleadings and Defendant, State of Delaware, Department of Finance's, response filed thereto, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

_____
J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 06-289 GMS |
| | ) |
| STATE OF DELAWARE | ) |
| DEPARTMENT OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF MAILING

The undersigned certifies that on June 10, 2008 she caused the attached *Defendant's Response in Opposition to Plaintiff's "Motion to Join Other Parties and Amendment of Pleadings" (Motion to Consolidate)* to be electronically filed with the Clerk of the Court using CM/ECF and delivered to the following person by U. S. Mail postage prepaid:

**NAME AND ADDRESS OF RECIPIENT(S):**

Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

/s/Stephani J. Ballard
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for Defendant