IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-289-GMS |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I. BACKGROUND**

The plaintiff, Nina Shahin ("Shahin), filed this lawsuit alleging employment discrimination by reason of age. (D.I. 2.) She appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Shahin alleges that the defendant, the State of Delaware Department of Finance ("State"), discriminated against her on the basis of her age when it failed to employ her. On March 27, 2008, the court granted in part and denied in part a motion to dismiss filed by the State. Now before the court is the State's motion for reargument which the court construes as a motion for reconsideration of the March 27, 2008 Memorandum and Order. (D.I. 20, 21.) Plaintiff did not respond to the motion.

**II. STANDARD OF REVIEW**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: 1) an intervening change in the controlling law; 2) the availability of new

evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. DISCUSSION

This case proceeds on the complaint found at Docket Item 2. (D.I. 20.) In prior filings Shahin advised the court that this case is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. (*See* D.I. 17.) The State is the sole defendant in the case. When the court ruled on the State's motion to dismiss, it granted the motion to the extent that Shahin sought damages from the State and denied it to the extent that she sought prospective injunctive relief. The State moves for reconsideration on the grounds that the Eleventh Amendment bars it from actions seeking prospective injunctive relief.

The State has not waived its sovereign immunity under the Eleventh Amendment. *See Rodriguez v. Stevenson*, 243 F. Supp. 2d 58, 63 (D. Del. 2002). Also, Congress did not validly abrogate the States' sovereign immunity to ADEA suits filed by private individuals. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief. *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The Eleventh Amendment, however, permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted).

Although Shahin requests injunctive relief, she did not file suit against a state official. Therefore, she may not proceed against the State, even on her claims for prospective injunctive relief. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("[t]he doctrine of *Ex parte Young* . . . has no application in suits against the States and their agencies, which are barred regardless of the relief sought.") Based upon the above, the prospective injunctive relief claims against the State should have been dismissed and the State's motion to dismiss should have been fully granted. Accordingly, the court will grant the motion for reconsideration to correct an error of law.

## IV. SUPPLEMENTAL STATE CLAIMS

The complaint does not allege violations of Delaware law. Nonetheless, in the past Shahin appears to have argued that this court may assume jurisdiction over an age discrimination claim under Delaware's Discrimination in Employment Act. 19 Del. C. § 710. Because the complaint fails to state a federal claim, the court declines to exercise jurisdiction over any purported supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

For the above reasons, the court will grant the State's motion for reconsideration and will decline to exercise supplemental jurisdiction. (D.I. 21.) The court will deny as moot the remaining pending motions. (D.I. 24, 29.) An appropriate order will be entered.

_Feb 25_, 2009
Wilmington, Delaware

CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-289-GMS |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

NOW THEREFORE, at Wilmington this 25 day of Feb., 2009,

IT IS HEREBY ORDERED that:

1. The motion for reconsideration is **granted** and this case is **dismissed**. (D.I. 21.)

2. All other pending motions are **denied** as **moot**. (D.I. 24, 29.)

3. The court declines to exercise jurisdiction over any supplemental state law claims.

4. The clerk of the court is directed to **close** the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE